# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PRINCESS PEDICURE SPAS, INC.,

    Plaintiff,

v.                                                       Case No:   6:22-cv-2406-WWB-LHP

CHISEL NAIL ART, LLC, SUNNY
BEAUTY SUPPLY CORP. and TUAN
NGUYEN,

    Defendants

## ORDER

This cause comes before the Court following a hearing on Plaintiff's Short-Form Motion to Compel (Doc. No. 33) and Defendants Chisel Nail Art, LLC and Sunny Beauty Supply Corp.'s Motion to Quash Subpoenas and for Protective Order (Doc. No. 50).  This Order memorializes the rulings made at the hearing.

Accordingly, for the reasons set forth on the record at the hearing, it is **ORDERED**:

    1.    Plaintiff's Short-Form Motion to Compel (Doc. No. 33) is **GRANTED in part and DENIED in part** as follows:

a. The motion as it relates to Requests 7, 21, 23, 26, 35, 36, 40 and 64 is **DENIED as moot** as those issues were resolved amongst the parties. *See* Doc. No. 59.

b. The motion as it relates to Request 3 is **DENIED**, with the exception that Chisel Nail Art, LLC (hereinafter "Chisel") is **DIRECTED** to produce gross sales documents for October 24, 2020 through October 23, 2021.

c. The motion as it relates to Request 4 is **GRANTED**. Chisel's undue burden and other boilerplate objections are **OVERRULED**. Chisel shall produce all outstanding documents in its current possession, custody, or control responsive to this Request, which includes any responsive documents in the possession of its accountants. *See, e.g.*, *Doerr v. Abplanalp*, No. 6:19-cv-1194-Orl-40LRH, 2020 WL 6870912, at *7 (M.D. Fla. Sept. 3, 2020); *United States ex rel. Chabot v. Peredes*, No. 6:06-cv-1532-Orl-31KRS, 2009 WL 10679598, at *2 (M.D. Fla. Apr. 1, 2009). "Native format accounting system" shall be interpreted as to its common and ordinary meaning.

d. The motion as it relates to Request 5 is **GRANTED**, and Chisel's overbreadth objection is **OVERRULED**. Chisel must produce responsive documents in its current possession, custody, or control for

the time period of October 24, 2021 through October 23, 2022, which includes any responsive documents in the possession of its accountants.  "Native electronic format" shall be interpreted as to its common and ordinary meaning.

e.	The motion as it relates to Request 9 is **DENIED** as the Request is patently overbroad.

f.	The motion as it relates to Requests 10–13 is **GRANTED in part**, to the extent that Chisel must produce purchase requests (purchase orders) from October 24, 2020 through October 23, 2022, made to the named suppliers for raw materials for products Chisel sold to Plaintiff during this time period.  As set forth at the hearing, the Court is requiring only the production of documents evidencing purchases. Chisel may designate these documents as "attorney's eyes only" pursuant to the parties' confidentiality agreement, subject to the remaining terms set forth in that agreement.

g.	The motion as it relates to Request 17 is **DENIED**.

h.	The motion as it relates to Request 47 is **GRANTED**, and Chisel must produce all outstanding documents in its current possession, custody, or control responsive to this Request, which includes any responsive documents in the possession of its accountants.  "Native

electronic format accounting records" shall be interpreted as to its common and ordinary meaning.

i. The motion as it relates to Request 53 is **DENIED without prejudice**, as the production is likely encompassed within the Court's prior rulings. Plaintiff may revisit this discovery, if appropriate, after Chisel's production in accordance with this Order. As discussed at the hearing, in the alternative, Plaintiff may consider serving interrogatories to develop a more targeted inquiry.

j. The motion as it relates to Request 56 is **GRANTED**, and Chisel must produce all outstanding documents in its current possession, custody, or control responsive to this Request, which includes any responsive documents in the possession of its accountants. "Native format accounting records" shall be interpreted as to its common and ordinary meaning.

k. Chisel must produce to Plaintiff all responsive materials as required by this Order within **thirty (30) days** of the date of this Order.

l. Chisel is cautioned that going forward, document production must include documents within its current possession, custody, and/or control, which includes documents within its control that are in the possession of its accountants.

2. Defendants Chisel Nail Art, LLC and Sunny Beauty Supply Corp.'s Motion to Quash Subpoenas and for Protective Order (Doc. No. 50) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2023.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties